THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRISTINA MARTSENYAK,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>Defendant. | CASE NO. C25-1624-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's Rule 12(b)(2) motion to dismiss (Dkt. No. 10). Having thoroughly considered the briefing and the relevant record, the Court GRANTS the motion for the reasons explained herein.

This is a negligence case brought against American Airlines based on a cancelled/delayed flight from Boston, resulting in a missed connection to another airline in Chicago. (*See generally* Dkt. No. 1.) Plaintiff, who was almost eight-months pregnant at the time, contends that, because of the missed connection, she was forced to spend the evening in Chicago, without reasonable accommodations. (*See id.* at 6–8.) Plaintiff alleges she suffered resulting physical and emotional distress and medical expenses, and anticipates incurring future costs. (*See id.*)

Plaintiff filed a complaint with this Court, asserting diversity jurisdiction. (*Id.* at 3–4.) Defendant moves to dismiss pursuant to Federal Rule of Civil procedure 12(b)(2). (Dkt. No. 10.) It contends that, because it is a Delaware corporation headquartered in Texas, this Court lacks

1  general jurisdiction over it. (*See id.* at 4.) Nor, says Defendant, does the Court possess specific
2  jurisdiction here, as Plaintiff's claims do not arise out of or related to Defendant's purposeful
3  contacts with Washington state. (*Id.* at 5–8.) This is because, even though Plaintiff's *final* travel
4  destination was Washington, Defendant's flight delay and cancellation occurred in Boston and
5  Plaintiff's resulting overnight stay in Chicago. (*See id.* at 5–8) (citing Dkt. No. 1 at 4–5). Neither
6  of which directly relate with Defendant's Washington-based flight activities. (*See id.*)[1]

7  When a defendant moves to dismiss a case pursuant to Rule 12(b)(2),[2] the plaintiff bears
8  the burden of demonstrating the exercise of jurisdiction is appropriate. *Picot v. Weston*, 780 F.3d
9  1206, 1211 (9th Cir. 2015). If a Rule 12(b)(2) motion is supported only be written materials,
10 such as the pleadings and affidavits, "the plaintiff need only make a *prima facie* showing of
11 jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). The Court must
12 resolve any conflicts in the documentary evidence in favor of the plaintiff. *AT&T v. Compagnie*
13 *Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). The Court will not, however, assume the
14 truth of allegations in a pleading which are contradicted by affidavit. *Data Disc, Inc. v. Sys.*
15 *Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).

16 In response to Defendant's motion, Plaintiff first argues that general jurisdiction applies
17 here. (*See* Dkt. No. 12 at 1.) But she cites no authority for the proposition other than 49 U.S.C.

---

[1] Plaintiff's flight from Chicago to Seattle was on Alaska Airlines. (*See id.*) (citing Dkt. No. 11 at 5).

[2] To determine whether it has jurisdiction over a defendant, this Court applies the law of the state in which it sits. *See Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)). And Washington's long-arm statute grants courts the maximum jurisdictional reach permitted by the Due Process Clause. *Easter v. Am. W. Fin.*, 381 F.3d 948, 960 (9th Cir. 2004) (citing RCW 4.28.185). Thus, the Court must determine whether the exercise of jurisdiction over Defendant comports with due process limitations. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413 (1984). Due process allows a court to exercise jurisdiction if doing so does not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The extent and nature of contacts that a defendant has can result in either general or specific jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

§ 46103, (*see* Dkt. No. 12 at 1), which is <u>not</u> a jurisdictional statute. Rather, it provides service requirements for Department of Transportation enforcement actions. *See* 49 U.S.C. §§ 46101(a), 46103(a)(1). Nor does Defendant otherwise make a *prima facie* showing that Defendant is essentially at home in Washington, thus warranting general jurisdiction. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021). Plaintiff also fails to establish specific jurisdiction here. Neither purchasing a ticket within Washington or connecting to a Washington airport (on another airline) is sufficient to establish that Plaintiff's claims here arise out of Defendant's Washington activities. *See, e.g.*, *PettyJohnBlue v. Delta Air Lines, Inc.*, 2025 WL 2912932, slip op. at 4 (D. Or. 2025); *Kurzweil v. Amtrak*, 2020 WL 5760423, slip op. at 3 (D.N.J. 2020).

In the alternative, Plaintiff asks to transfer this matter to "an appropriate jurisdiction where [Defendant] conducts business and where the events giving rise to the claims occurred." (Dkt. No 12 at 2.) But Plaintiff fails to state, with particularity, *what* venue that would be—the burden rests with Plaintiff to demonstrate proper venue. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Accordingly, dismissal without prejudice is warranted, thus permitting Plaintiff to bring suit against Defendant (within the applicable statute of limitations) in a venue as Plaintiff determines that would be appropriate to this case.

For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 10) is GRANTED. Plaintiff's claims are DISMISSED *without* prejudice for lack of personal jurisdiction.

DATED this 8th day of December 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE